[No. 1288.]

## ALBERS v. TURLEY.

1. LANDLORD'S LIEN.

A. rented to S. a partially furnished room. S. bought of T. a small lot of furniture and placed it in the room. S. left the room while in debt for room rent and sold his furniture back to T. in payment of a balance owed on purchase price. *Held* that A. had a valid lien on the furniture for the unpaid rent and T. was not entitled to recover such furniture by replevin without first paying to A. the amount of his lien.

2. LIEN—PLEDGE.

Where a tenant in arrears for rent agreed with his landlord that the landlord should hold the tenant's furniture until paid, the agreement was a pledge of the furniture for the rent and the landlord was entitled to hold the furniture under his lien as against the original vendor who purchased back the furniture in payment of a balance due on the original purchase.

*Appeal from the County Court of Pitkin County.*

Mr. H. L. McNAIR, for appellant.

No counsel appeared for appellee.

WILSON, J., delivered the opinion of the court.

This is an appeal from a judgment in favor of plaintiff in

a replevin suit. The action was originally commenced before a justice of the peace, and hence there are no written pleadings. There was no conflict in the evidence. The facts upon which the controversy is based are undisputed, and the question presented for the determination of the court is purely one of law.

In September, 1895, defendant Albers was the keeper of a rooming-house in the town of Aspen. At that time, he rented to one Charles Seidler a partially furnished room. Seidler purchased from plaintiff Turley a small lot of furniture and had it taken to his room. Some weeks thereafter, Seidler left the house when in debt for room rent in a small sum, promising to return in a short time and pay the debt. He did not return or pay the debt, and in a few weeks thereafter, agreed with plaintiff that he might retake the furniture upon cancellation of the debt due for its purchase, and the payment of a small amount for the use of it. Thereupon plaintiff demanded from defendant possession of the furniture, which was refused by defendant on the ground that he had a lien thereon which had not been satisfied, for the amount due him by Seidler for rent. Plaintiff then commenced this suit. Defendant claimed the right to possession of the property by virtue of a statutory landlord's lien. Plaintiff claimed the right and title to the property under the resale made to him by Seidler. The facts bring the case clearly within the provisions of section 2118, General Statutes, as amended in 1889. The defendant had a lien upon the furniture for the amount due him for rent of room. This he had not waived, nor was there in evidence any payment or tender of payment by plaintiff of the amount of this lien. Plaintiff was not entitled to the possession of the property without first having satisfied the lien of defendant. The judgment in favor of plaintiff was therefore error, and for this it must be reversed.

It also appears from the undisputed evidence that at the time when Seidler left the house, he agreed with defendant that the furniture should remain in the room until the rent

was paid. Defendant was therefore entitled to possession of the furniture, even without resorting to a claim of a landlord's lien. This agreement gave him a specific lien for the amount of Seidler's debt, and he was entitled to hold the property as pledgee.

There being no written pleadings by which the issues were framed and the parties bound, this court will not avail itself of its power to direct a judgment in favor of defendant. If upon another trial, however, the same facts are substantially shown, it will be the duty of the trial court to render such judgment.

The judgment will be reversed and the cause remanded for a new trial.

*Reversed.*